RYLAND, J.
This w^s an indictment against the defendant, John Kessler - ing, upon the statute concerning Billiard Tables. The fifth section of the act is in the following words : “Every person who shall keep or permit to he used and kept, any billiard table, without having a license therefor, shall forfeit and pay four hundred dollars for the use of the State, to be recovered by indictment.” The indictment in this case is in the following words, viz.:
State oe Missouri, ] St. Louis Criminal Court,
County of St. Louis, ) ‘ ■ January term, 1848.
“The grand jurors of the State of Missouri, within and for the county of St. Louis, now here in court, duly impanneled, sworn and charged, upon their oath present that John Kesslering, late of the city of St. Louis, in the county of St. Louis aforesaid, on the first day of March in the year of our Lord one thousand eight hundred and forty-seven, and on divers other days and times, between that day and the day of the finding of the indictment, at the city of St. Louis aforesaid, unlawfully' did keep and permit to be used and kept, a billiard table, without then and there, and on said divers other days and times, having any license therefor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the-State. . D. N. Hall, Circuit Attorney.”
The defendant was arrested by virtue of a capias issued on this indictment, and appeared to the indictment and filed his demurrer thereto, setting out as causes of demurrer, “ that the said declaration is double, in this, that it charges said Kessleriag wdth keeping a billiard table, and also'for permitting to be used -and kept a billiard table without license therefor, and that said indictment is in other respects informal and insufficient in law.” The court sustained the demurrer to said indictment, and the State brings the case before this court by appeal.
The only point, therefore, before this court, is the sufficiency of the indictment. The offense in this case is created by the statute; and all the acts that constitute it are set forth in the statute, and it is only necessary for the circuit attorney to charge the offense in the words of the statute. In the case of Tully v. The Commonwealth, 4 Metcalf, 358, Chief-Justice Shaw says: “When the Statute punishes an offense, by its legal designation, without enumerating the acts which constitute it, then it is necessary to use the terms which technicaliy charge the offense named at common law. But we think this is not necessary when the statute describes the whole offense, and the indictment charges the-crime in the words of the statute.”
*375 Tlie indictment is in the words of the statute, and the circuit attorney has used both clauses mentioned in it, either one of which is an offense. The defendant complains because he is thus charged. We think there is nothing in the objection which he makes. In the case of Storrs v. The State, 3 Mo. R. 9, this objection is made and considered by this court as having no force in it. We deem it not necessary to take any further notice of this objection. In misdemeanors rigid nicety is never exacted. Here the offense is charged in the words of the law, and instead of the circuit attorney having two counts in his indictment, he has included the whole, “ the keeping” and “the permitting to be used and kept,” in one count. According to the principles laid down in the case of Storrs v. The State, above cited, the defendant at least has no cause to complain ; it is better for him, and I do not feel'disposed to lend a willing ear to such technical objections.
If a person be the owner of a billiard table, and for his private amusement should have it put up in one of the rooms of his residence, where-his -family and his visitors amuse themselves playing thereon, I should suppose that the court (should he be indicted for this) would instruct the jury, upon request, that such “keeping,” and such “permitting to be used and kept,"'were never designed by the Legislatuie to be punishable by indictment. The Criminal Court has it in its power, and I doubt not will always cheerfully use it to restrain unwarrantable interference by grand juries, should such ever present itself. Let the defendant then call on the court for instructions, whenever he supposes the charge is not made out against him according to the obvious meaning and intent of the Legislature. If we require the circuit attorney to go out of the statute to make averments of acts not named therein, we know of no criterion to which he can look as a guide.(a) The Criminal Court then erred in sustaining the defendant’s demurrer to this indictment. Its judgment is reversed, and the case remanded for further proceedings, not inconsistent with this opinion.

 See State v. Mitchell, 6 Mo. R. 147, and note. See State v. Austin, post, p. 576.